**Jerry COVINGTON and Don Elliff**

v.

**BEAUMONT INDEPENDENT SCHOOL DISTRICT.**

**Civ.A. No. B–88–0820–CA.**

United States District Court,
E.D. Texas,
Beaumont Division.

March 19, 1990.

Jefferson K. Brimm, II, Brimm & Arnett, Austin, Tex., for plaintiffs.

Jeanie Fulkerson, Hudgins, Hudgins & Warrick, Houston, Tex., Tanner T. Hunt, Wells, Peyton, Beard, Greenberg, Hunt & Crawford, Beaumont, Tex., for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

On May 30, 1989, Judge Richard Schell rendered an opinion in this case, finding the defendant Beaumont Independent School District (BISD) liable to the plaintiffs for racially discriminatory actions taken in violation of the plaintiffs' fourteenth amendment rights to equal protection. *Covington v. Beaumont Independent School District*, 714 F.Supp. 1402 (E.D. Tex.1989). At the conclusion of that opinion, Judge Schell noted he would try the remaining issues of additional injunctive relief and monetary damages. *Id.* at 1414. Judge Schell has

since recused, and this court held a bench trial on the remaining issues on February 28, 1990. The issue of liability is not before this court. Judge Schell has ruled on all questions pertaining to liability in his thoroughly researched opinion.

Presented solely with the question of the relief to award these plaintiffs, this court finds that: for the equal protection violation, these plaintiffs are each awarded the sum of One Dollar ($1.00); for the mental distress and anguish resulting therefrom, these plaintiffs are each awarded the sum of Five Thousand Dollars ($5,000.00). No injunctive relief beyond that given by Judge Schell is ordered. The plaintiffs are awarded costs and attorneys' fees, the amount of which will be determined after a hearing on the matter, if not agreed upon by the parties.

## FACTS

This court will only briefly summarize the facts of the case, since a complete history is given in Judge Schell's opinion.

These plaintiffs, a caucasian male and a Hispanic male, were employed by BISD for the 1988–89 school year. The plaintiffs' employment contracts were for teaching and for coaching as assistant coaches of the varsity football team at West Brook High School.[1] In August 1988, a local newspaper published an article highlighting the absence of black coaches from the BISD high school varsity football teams. In response, BISD administration removed the plaintiffs, who were the two non-black assistant varsity coaches with the least seniority at the West Brook campus, from varsity coaching and reassigned them to sophomore coaching. This created two assistant varsity coaching vacancies, and BISD immediately assigned two black coaches to these positions. Although the two black coaches were very satisfactory in the performance of their duties, they were assigned *because* of race, and the plaintiffs were removed *because* of race. No other

---

**1.** The trial revealed that the BISD assigns eleven coaches to the high school varsity football team, in addition to four coaches to the junior varsity and sophomore teams. From the record, it ap-

pears that assistant coaches receive a teaching salary and an additional stipend for coaching duties. It appears the assistants receive approximately $36,000–$38,000 per annum.

reason was shown in this case. The defendant brought no credible evidence to the contrary, either from the superintendent of the District or any of the elected members of the Board who were in office when the decision was made. Judge Schell has ruled that BISD took these actions as part of a policy of job assignment based on race which violated the plaintiffs' rights to equal protection.

## DAMAGES

 The plaintiffs were reassigned to sophomore coaching positions, but did not suffer any actual loss of wages, as they were still paid according to their contracts. Judge Schell has awarded the injunctive relief of reinstatement to Covington, and Elliff withdrew his request for reinstatement. Consequently, a nominal award of one dollar to each plaintiff is appropriate as actual damages suffered because of the defendant's deprivation of the plaintiffs' constitutional rights.

A civil rights claim, however, also permits the award of compensatory damages for mental anguish suffered as a result of the deprivation of constitutional rights. *Memphis Community School District, et al. v. Stachura,* 474 U.S. 918, 106 S.Ct. 245, 88 L.Ed.2d 254 (1986). The defendant's actions toward these plaintiffs were based solely on the plaintiffs' race. The plaintiffs have adequately shown that as a result of the defendant's racially discriminatory actions, they suffered mental anguish and humiliation. Accordingly, each plaintiff is awarded five thousand dollars in compensatory damages.

No punitive damages are awarded. This court does not wish to rewrite Judge Schell's opinion, for Judge Schell thoroughly reviewed the facts and the law applicable to this case. This court feels compelled, however, to decry BISD's flagrant disregard of the law in its implementation of this racially discriminatory policy. BISD has now been in litigation in this court and in the Fifth Circuit over issues involving racial discrimination for twenty-two years. Yet all that litigation, all that expenditure of legal and judicial resources, all that effort at racial integration and equality, seems to have had as little impact on the policy making of the BISD school board as whipping a mule with a feather. From time to time the mule may be irritated, but it stubbornly continues on the same path.

And so this court makes its award for damages in this case, gently tapping BISD again with the feather of the law. Only the future will reveal whether the BISD will change its direction, or whether a two-by-four between the eyes will be eventually required.